Bryan N. DeMatteo (BD 3557)
bryan@demfirm.com
DEMATTEO LAW, PLLC
830 Third Avenue, 5th Floor
New York, NY 10022
Tel.: (866) 645-4169
Fax: (732) 301-9202
*Attorneys for Plaintiff*
*Zaxcom, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ZAXCOM, INC.,

                Plaintiff,

                v.

LECTROSONICS, INC.,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**Civil Action No. 1:17-cv-03408**

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Plaintiff, Zaxcom, Inc. ("Zaxcom"), for its Complaint against Defendant Lectrosonics, Inc. ("Lectrosonics") alleges as follows:

**THE PARTIES**

1. Zaxcom is a corporation organized and existing under the laws of the state of New Jersey with it principal place of business at 230 West Parkway, Unit 9, Pompton Plains, New Jersey.

2. Upon information and belief, Lectrosonics is a corporation organized and existing under the laws of the state of New Mexico with its principal place of business at 581 Laser Road NE, Rio Rancho, New Mexico.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Lectrosonics because, upon information and belief, Lectrosonics has solicited and conducted business within the state of New York in part through commercial internet websites, knowing that its products will be sold and/or available for sale in this district, thereby availing itself of the privilege of acting in the state of New York. More specifically, Lectrosonics has sold products and committed infringing acts in this district by offering for sale and selling certain electronic recorders, wireless transmitters and receivers, audio processors, and related accessories, including its Portable Digital Audio Recorder ("PDR") and related accessories, through its distribution channels in this district. For instance, upon information and belief, Lectrosonics markets and offers the PDR and related accessories for sale in this judicial district and throughout the United States through Amazon.com ("Amazon") and its online website (http://www.lectrosonics.com/US/PDR/product.html). Screen captures from Amazon showing Lectrosonics products being offered for sale is attached as Exhibit A, and printouts of webpages from http://www.lectrosonics.com showing products, including the PDR and related accessories, being offered for sale is attached as Exhibit B.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, among other things, Lectrosonics is subject to personal jurisdiction in this judicial district, Lectrosonics has regularly conducted business in this judicial district, certain of the acts complained of herein occurred in this judicial district, and Lectrosonics maintains a regular and established place of business within this judicial district.

## ZAXCOM'S BUSINESS AND PATENTS

6. Zaxcom is a leading designer and manufacturer of professional audio equipment for the television and film industries and an Emmy award winner for outstanding achievement in Engineering Development. As a result of its development and promotional efforts, Zaxcom's audio equipment is sought after by consumers, especially consumers in the television and film industries. Aside from current infringement of Zaxcom's patents, Zaxcom is currently the sole supplier to the television and film industries for recording systems that allow for local recording of locally generated audio data that can be combined with remotely recorded audio data of the locally generated audio data for use in post-recording engineering.

7. On April 19, 2011, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 7,929,902 ("the '902 patent") entitled "VIRTUAL WIRELESS MULTITRACK RECORDING SYSTEM." A true and correct copy of the '902 patent is attached hereto as Exhibit C.

8. On February 26, 2013, the USPTO duly and legally issued U.S. Patent No. 8,385,814 ("the '814 patent") entitled "VIRTUAL WIRELESS MULTITRACK RECORDING SYSTEM." A true and correct copy of the '814 patent is attached hereto as Exhibit D.

9. On May 10, 2016, the USPTO duly and legally issued U.S. Patent No. 9,336,307 ("the '307 patent") entitled "VIRTUAL WIRELESS MULTITRACK RECORDING SYSTEM." A true and correct copy of the '307 patent is attached hereto as Exhibit E.

10. Each of the '902 patent, the '814 patent, and the '307 patent (collectively, the "Patents-In-Suit") is valid and legally enforceable.

11. Zaxcom is the sole and exclusive owner of all rights, title and interest in the Patents-In-Suit, and holds the exclusive right to take all actions necessary to enforce its rights in the

Patents-In-Suit, including the filing of this patent infringement lawsuit. Zaxcom also has the right to recover all damages for past, present, and future infringement of the Patents-In-Suit and to seek injunctive relief as appropriate under the law.

## FACTUAL ALLEGATIONS

12. The Patents-In-Suit are directed generally to systems and methods for wireless recording of multi-track audio files without the data corruption or loss of data that typically occurs with wireless data transmission.

13. Lectrosonics manufactures, promotes and sells throughout the United States and the world wireless microphone systems and audio processing products, including its PDR product and related accessories. Upon information and belief, Lectrosonics markets such products, and specifically the PDR and related accessories, to directly compete with Zaxcom's products, including but not limited to, Zaxcom's TRX series transmitter products.

14. The PDR is a local audio device that is wearable by a creator of locally generated audio. The PDR includes, among other things, a time code sync port (i.e., a local audio device receiver), an audio input (i.e., an audio input port), a microSD card (i.e., a memory), a clock (i.e., a timecode generator) and a processing unit for creating stamped local audio data in the form of .wav files (i.e., a control unit electrically coupled to the local audio device receiver, audio input port, and memory). The locally recorded data is capable of being retrieved and combined with locally generated audio that is remotely recorded. Upon information and belief, the PDR also allows a user to assign a unique alpha numeric identifier/name to file names of every recording file created by the PDR.

15. Notwithstanding Zaxcom's rights, Lectrosonics, without permission or authorization, has infringed and continues to infringe one or more claims of the Patents-In-Suit at

least by (i) manufacturing, offering for sale, and selling, and/or (ii) knowingly and actively contributing to and/or inducing the infringement of others by using, selling, and/or offering for sale certain electronic audio equipment, including the PDR and related accessories.

16. At least as early as December 23, 2013, Lectrosonics had actual notice of the '902 patent and the '814 patent by way of a notice letter dated December 23, 2013 ("December 23 Letter") from Zaxcom. Lectrosonics had actual notice of the '307 patent at least as early as March 20, 2017 by way of a notice letter dated March 20, 2017 ("March 20 Letter") from Chipperson Law Group, P.C.

### COUNT I – PATENT INFRINGEMENT
**(Direct and Induced Infringement of the '307 Patent)**

17. Zaxcom repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

18. Zaxcom has not licensed or otherwise authorized Lectrosonics to make, use, offer for sale, sell, or import any products that embody the inventions of the '307 patent.

19. Lectrosonics has and continues to directly infringe the '307 patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products, such as the PDR and related accessories (e.g., the MC70 cable accessory), that satisfy each and every limitation of one or more claims of the '307 patent, including at least claims 1-10. A preliminary claim chart showing how the PDR and related accessories meet the limitations of claims 1-10 is attached hereto as Exhibit F, as well as various exhibits referred to in the chart, including Exhibit H (Gotham PDR Demo), Exhibit K (PDR Data Sheet), Exhibit L (PDR Manual), Exhibit M (MC70 Cable Page), and Exhibit N (BWF Standard).

20. Lectrosonics has and continues to indirectly infringe one or more claims of the '307

patent in violation of 35 U.S.C. § 271, including claims 12-14, for example, by knowingly and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as the PDR and related accessories, and other activities, such as evidenced from an interview with Karl Winkler, Vice President of Sales For Lectrosonics, on YouTube (https://www.youtube.com/watch?v=5XRoFd6-qcg&sns=em), posted by Matt Price Soundrolling, instructing customers on how to connect the PDR to a Lectrosonics Super Miniature Variable Power Transmitter ("SMV") via a Lectrosonics MC70 audio cable designed to deliver a line level audio signal from an audio source to a Lectrosonics' transmitter. Screen captures of the online YouTube video are attached as Exhibit G. Another video on YouTube posted by Gotham Sound (https://www.youtube.com/watch?v=F1x1mQgxY8k) further teaches customers how to connect a Lectrosonics lavalier microphone to the PDR for use in locally receiving local audio data by at least one performer during an audio event. Screen captures of the online YouTube video are attached as Exhibit H.

21. Lectrosonics had knowledge that the PDR and related accessories infringe the '307 patent via the March 20, 2017 Letter, and in no event later than April 25, 2017—the date *Zaxcom, Inc. v. Lectrosonics, Inc.*, No. 2:17-cv-02840 (D.N.J. April 25, 2017) was filed in the United States District Court for the District of New Jersey ("the New Jersey Action").

22. Lectrosonics induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, would infringe the '307 patent, but while remaining willfully blind to the infringement.

23. Zaxcom has suffered damages as a result of Lectrosonics' infringement of the '307

patent in an amount to be proved at trial.

24. Zaxcom has suffered, and will continue to suffer, irreparable harm as a result of Lectrosonics' infringement of the '307 patent, for which there is no adequate remedy at law, unless Lectrosonics' infringement is enjoined by this Court.

25. Upon information and belief, Lectrosonics' infringement of the '307 patent has been willful pursuant to 35 U.S.C. § 284.

## COUNT II – PATENT INFRINGEMENT
### (Induced and Contributory Infringement of the '814 Patent)

26. Zaxcom repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

27. Zaxcom has not licensed or otherwise authorized Lectrosonics to make, use, offer for sale, sell, or import any products that embody the inventions of the '814 patent.

28. Lectrosonics has and continues to indirectly infringe one or more claims of the '814 patent in violation of 35 U.S.C. § 271, including claims 1, 2, 9-10, 15, 31, 36-37, and 41-45, for example, by knowingly and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as the PDR and related accessories, and by promoting and selling the PDR and related accessories with instructions for combination and use by end users in a manner that infringes the '814 patent. For instance, a video on YouTube, presumably based on instructions provided by Lectrosonics, teaches customers how to connect the PDR to a time code source for the purpose of allowing the PDR to receive a time code. *See* Exhibit H. A preliminary claim chart showing how the PDR and related accessories meet the limitations of claims 1, 2, 9-10, 15, 31, 36-37, and 41-45 of the '814 patent is attached hereto as Exhibit I, as well as various exhibits referred to in the chart, including Exhibit B

7

(Lectrosonics Web Pages), Exhibit H (Gotham PDR Demo); Exhibit K (PDR Data Sheet), Exhibit L (PDR Manual), and Exhibit M (MC70 Cable Page).

29. Lectrosonics has and continues to knowingly contribute to the infringement of one or more claims of the '814 patent in violation of 35 U.S.C. § 271, including claims 1, 2, 9-10, 15, 31, 36-37, and 41-45, for example, by making, using, offering to sell, selling, and/or importing into the United States products, such as the PDR and related accessories (e.g., the MC70 cable accessory), that are not staple articles of commerce with substantial non-infringing uses. For instance, the PDR is a material component of a system that infringes the '814 patent and includes a time code sync port, the sole purpose of which is to connect to a timecode generator in an infringing manner.

30. Lectrosonics had knowledge that the PDR and related accessories, or the use thereof, infringe the '814 patent at least as of the date of the December 23 Letter and/or the March 20 Letter, and in no event later than the date the New Jersey Action was filed.

31. Lectrosonics induced and contributed to the infringement of others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, would infringe the '814 patent, but while remaining willfully blind to the infringement.

32. Zaxcom has suffered damages as a result of Lectrosonics' infringement of the '814 patent in an amount to be proved at trial.

33. Zaxcom has suffered, and will continue to suffer, irreparable harm as a result of Lectrosonics' infringement of the '814 patent, for which there is no adequate remedy at law, unless Lectrosonics' infringement is enjoined by this Court.

34. Upon information and belief, Lectrosonics' infringement of the '814 patent has

been willful pursuant to 35 U.S.C. § 284.

## COUNT III – PATENT INFRINGEMENT
**(Induced Infringement of the '902 Patent)**

35. Zaxcom repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

36. Zaxcom has not licensed or otherwise authorized Lectrosonics to make, use, offer for sale, sell, or import any products that embody the inventions of the '902 patent.

37. Lectrosonics has and continues to indirectly infringe one or more claims of the '902 patent in violation of 35 U.S.C. § 271, including claims 7, 11 and 12, for example, by knowingly and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as the PDR and related accessories, such as evidenced by a video on YouTube instructing customers on how to connect the PDR to a time code source for purposes of allowing the PDR to receive a time code. *See* Exhibit H. A preliminary claim chart showing how the PDR and related accessories meet the limitations of claims 7, 11 and 12 of the '902 patent is attached hereto as Exhibit J, as well as various exhibits referred to in the chart, including Exhibit H (Gotham PDR Demo), Exhibit K (PDR Data Sheet), Exhibit L (PDR Manual), Exhibit M (MC70 Cable Page), and Exhibit O (SMV Instruction Manual).

38. Lectrosonics had knowledge that the PDR and related accessories, or the use thereof, infringe the '902 patent at least as of the date of the December 23 Letter and/or the March 20 Letter, and in no event later than the date the New Jersey Action was filed.

39. Lectrosonics induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '902 patent, but while remaining willfully

blind to the infringement.

40. Zaxcom has suffered damages as a result of Lectrosonics' infringement of the '902 patent in an amount to be proved at trial.

41. Zaxcom has suffered, and will continue to suffer, irreparable harm as a result of Lectrosonics' infringement of the '902 patent, for which there is no adequate remedy at law, unless Lectrosonics' infringement is enjoined by this Court.

42. Upon information and belief, Lectrosonics' infringement of the '902 patent has been willful pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Zaxcom prays for the following relief against Lectrosonics:

A. A judgment that Lectrosonics has directly and/or indirectly infringed one or more claims of each of the Patents-In-Suit;

B. An order pursuant to 35 U.S.C. § 283 permanently enjoining Lectrosonics and each of its affiliates, officers, agents, servants, and employees and all persons in active concert or participation with it from further acts of infringement of the Patents-In-Suit;

C. An order that Lectrosonics deliver to this Court for destruction all products that infringe, directly or otherwise, or the use of which would infringe, directly or otherwise, any claim of the Patents-In-Suit;

D. An order awarding damages sufficient to compensate Zaxcom for Lectrosonics' infringement of the Patents-In-Suit, but in no event less than a reasonable royalty, together with interest and costs;

E. A judgment that Lectrosonics' infringement has been willful pursuant to 35 U.S.C. § 284 and an order awarding enhanced damages, in an amount to be proven at the time of trial;

F. A judgment declaring that this case is exceptional and awarding Zaxcom its costs and reasonable attorney fees under 35 U.S.C. § 285; and

G. Such other and further relief as the Court may deem equitable and proper.

## DEMAND FOR JURY TRIAL

Zaxcom demands trial by jury on all issues so triable.

Dated: June 6, 2017

By: */s/ Bryan N. DeMatteo*
Bryan N. DeMatteo (BD 3557)
bryan@demfirm.com
DEMATTEO LAW, PLLC
830 Third Avenue, 5th Floor
New York, NY 10022
Tel.: (866) 645-4169
Fax: (732) 301-9202
*Attorneys for Plaintiff
Zaxcom, Inc.*